UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MONICA DITOMMASO,<br><br>        Plaintiff,<br><br>  v.<br><br>THE MEDICINES COMPANY,<br><br>        Defendant. | HONORABLE JOSEPH E. IRENAS<br><br>CIVIL ACTION NO. 10-1868<br>(JEI/KMW)<br><br>**OPINION** |

SIDNEY L. GOLD & ASSOCIATES, P.C.
By: Traci M. Greenberg
1835 Market Street
Suite 515
Philadelphia, PA 19103
    Counsel for Plaintiff

EPSTEIN, BECKER & GREEN, P.C.
By: James P. Flynn
One Gateway Center
Newark, NJ 07102
    Counsel for Defendant

**IRENAS**, Senior District Judge:

    This matter appears before the Court on Defendant's Motion to Dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] For the reasons sets forth below, the Court will grant in part and deny in part the Motion.

**I.**

    The following facts are alleged in the Complaint. Defendant, The Medicines Company, ("Medco") employed Plaintiff,

---

[1] The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

Monica DiTommaso, ("DiTommaso") as a salesperson from February 6, 2002, until on or about April 7, 2009.  (Complaint ¶¶ 9-10) DiTomasso is a "Caucasian individual."  (*Id.* at 9).  During her employment, DiTomasso consistently achieved a high percentage of her sales goals, exceeding the minimum level of achievement required to receive sales commissions from Medco.  (*Id.* at 11)

In 2006 and 2007, Reginald Davis ("Davis"), DiTomasso's manager and an "African-American individual", failed to increase DiTomasso's salary based on her race.  Davis did provide salary increases to African-American employees, each of whom had lower sales figures than DiTomasso.  (*Id.* at 13) DiTomasso registered a complaint of racial discrimination with Medco's human resources director, but no corrective action was taken.  (*Id.* at 14)

In retaliation for DiTomasso's complaints, Davis reassigned several of DiTomasso's most profitable accounts to other, less qualified employees.  (*Id.* at 15) Davis allowed similarly situated African-American employees to choose their assigned accounts. (*Id.* at 17)  DiTomasso was also denied the opportunity to attend an industry conference, while certain African-American employees with less tenure than DiTomasso were allowed to attend. (*Id.* at 16) In further retaliation, Davis refused to intervene on behalf of DiTomasso with a customer who was making sexually-offensive comments, and refused to adjust working hours for DiTomasso while allowing such adjustments for similarly situated Africa-American employees.  (*Id.* at 19) Davis also refused to

reduce DiTomasso's sales quota without proper documentation from a customer, while lowering sales quotas of similarly situated Africa-American employees without such documentation.  (*Id.* at 20)

Again, DiTomasso registered a complaint of racial discrimination, this time with Medco's area sales director, but no corrective action was taken.  (*Id.* at 21).  Further retaliation continued.  In March 2009, Davis issued DiTomasso a negative review for failing to meet her sales quota, even though such failure was the result of Davis's racial discrimination and retaliatory acts.  (*Id.* at 22) Davis did not issue negative reviews to similarly situated Africa-American employees, even if those employees that failed to meet their sales quotas.  (*Id.*)

Medco terminated DiTomasso on April 7, 2009, due to poor sales performance.  (*Id.* at 23) Medco did not terminate similarly situated Africa-American employees with sales performances inferior to DiTomasso.  (*Id.* at 24)

DiTomasso filed her original complaint on April 13, 2010. Medco then filed this Motion to Dismiss under Rule 12(b)(6) on June 22, 2010.[2]

Count I of the Complaint alleges that Medco discriminated

---

[2] Medco has requested that the Court not read or consider DiTommaso's Sur Reply brief.  The Court need not address this issue because there is nothing contained in DiTommaso's Sur Reply brief that was not already properly before the Court.

against DiTomasso because of her race in violation of 42 U.S.C. § 1981.  Count II of the Complaint alleges that Medco retaliated against DiTomasso for her opposition to race discrimination in the workplace in violation of § 1981.  Count III of the Complaint alleges that Medco discriminated against DiTomasso in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-1 et. seq.  Count IV of the Complaint alleges that Medco retaliated against DiTomasso in violation of the LAD.

For the reasons explained herein, the Court will deny Defendant's Motion to Dismiss as to Counts I and II, and will grant the Motion as to Counts III and IV.[3]

## II.

Federal Rule of Civil Procedure 12(b)(6) provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted."  In order to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege facts that raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007); see also Fed. R. Civ. P. 8(a)(2).  While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the

---

[3]DiTomasso has voluntary withdrawn her claims arising under the NJLAD, so Counts III and IV will be dismissed.  (Plaintiff's Memorandum of Law in Opposition to Defendant's Motion to Dismiss Plaintiff's Complaint (Pl.'s Mem.) p. 1)

4

plaintiff, *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. *Phillips*, 515 F.3d at 234.

### III.

DiTomasso's claims under § 1981 are governed by the burden-shifting principles set forth by the Supreme Court:

> First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination. Second, if the plaintiff succeeds in proving the prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Third, should the defendant carry this burden, the plaintiff must then have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (citations omitted)(quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).[4]

---

[4] The Supreme Court has extended the *McDonnell Douglas* burden shifting framework to cases arising under § 1981. *See Patterson v. McLean Credit Union*, 491 U.S. 164, 186 (1989)(holding that same burden shifting analysis used for a case alleging a cause of action under Title VII of the Civil Rights Act of 1964 should also be appled in cases alleging a cause of action under § 1981).

A.

The Third Circuit has adopted a modified *McDonnell Douglas* standard in reverse discrimination cases. *Iadimarco v. Runyon*, 190 F.3d 151, 163 (3d Cir. 1999)  To establish a prima face case of reverse discrimination, the plaintiff must present "sufficient evidence to allow a reasonable fact finder to conclude (given the totality of the circumstances) that the defendant treated plaintiff less favorably than others because of [his] race, color, religion, sex, or national origin." *Id.*(internal quotations and citations omitted)

However, as DiTomasso correctly observes, a plaintiff in an employment discrimination case does not have to plead facts in his complaint establishing a prima facie case.  The Supreme Court held that "an employment discrimination plaintiff does not need to plead a prima facie case of discrimination . . . ," in part because the *McDonnell Douglas* standard is an evidentiary standard, not a pleading standard. *Swierkiewicz v. Sorema* N.A., 534 U.S. 506, 510, 515 (2002).  Therefore, a plaintiff claiming employment discrimination need only plead facts sufficient to meet the standard of Fed. R. Civ. P. 8(a). *Thomas v. Independence Twp.*, 463 F.3d 285, 295 (3d Cir. 2006)("The marching orders of the Supreme Court in . . . *Swierkiewicz* are clear: the notice pleading standard of Rule 8(a) applies in all civil actions, unless otherwise specified in the Federal Rules or

6

statutory law.").

After *Swierkiewicz* was decided, the Supreme Court's holding in *Twombly* altered the notice pleading standard.[5] However, the Court itself stated that its holding did not run counter to *Swierkiewicz*. 127 S. Ct. at 1973. *Swierkiewicz,* the Court wrote, held that employment discrimination plaintiffs did not need to meet a heightened pleading standard. *Id.* *Twombly* did not require heightened fact pleading, i.e., it did not require plaintiffs to establish a prima facie case beyond the Rule 8(a) standard. It simply altered the Court's interpretation of Rule 8(a). *Id.* at 1973-74. Thus, in this reverse discrimination case, *DiTomasso* does not have to meet the modified *McDonnell Douglas* standard for a prima facie case of reverse discrimination, but does have to meet *Twombly's* requirement that the facts alleged must raise the right to relief above a speculative level. The elements of the prima facie claim do not have to be proven, but merely must be plausible.

---

[5] The Court rejected the oft-cited language of *Conley v. Gibson*, which stated: "a complaint should not be dismissed unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957); *Twombly,* 127 S. Ct. at 1969. That language, the Court stated, was in danger of being read to mean that "any statement revealing the theory of the claim will suffice unless its factual impossibility may be shown from the face of the pleadings." *Id.* at 1268. Instead, the Court insisted factual allegations in a pleading must establish "plausible grounds" and "raise the right to relief above the speculative level." *Id.* at 1965; *see also supra*, Part II.

In support of its present Motion, Medco asserts that DiTommaso has failed to plead sufficient facts to establish that Medco treated her less favorably than others because of her race. This argument fails.

DiTommaso has alleged sufficient facts to plausibly support the conclusion that Medco treated her less favorably than others because of her race.  Specifically, DiTommaso alleges that Medco failed to provide her with salary increases while providing similarly situated African-American employees with salary increases.  (Complaint ¶¶ 12-13) She also alleges that she was not permitted to attend a conference which similarly situated, less tenured African-American employees were allowed to attend. (*Id.* at 16) DiTomasso further alleges that she was not allowed to choose her assignments, although similarly situated Africa-American employees were allowed to choose their assignments. (*Id.* at 17).  DiTomasso also alleges that she was not provided with flexible hours, although other similarly situated African-American employees were.  (*Id.* at 19-20).  She also alleges that she was given a poor review, although African-American employees with worse performance records than her were not given poor reviews.  (*Id.* at 24).  Finally, DiTomasso alleges that she was terminated for poor performance, despite the fact that similarly situated African-American employees with worse sales performances than her were not terminated.  (Id. at 24)  These alleged facts,

8

if proven true, could plausibly support the conclusion that Medco treated DiTommaso less favorably than other employees because of her race.

Because DiTommaso has plead sufficient facts to establish a plausible claim of reverse racial discrimination in violation of § 1981, the Court will deny Medco's Motion to Dismiss Count I of the Complaint.

**B.**

To maintain a claim for retaliation § 1981, DiTomasso must establish a prima facie case by tendering evidence that "(1) [s]he engaged in protected activity, (2) [her] employer took an adverse employment action against [her], and (3) there was a causal connection between [her] participation in the protected activity and the adverse employment action." *Estate of Oliva v. N.J., Dep't of Law & Pub. Safety, Div. of State Police*, 604 F.3d 788, 798 (3d Cir. 2010).

Again, DiTommaso need not prove each element of her prima facie claim, but must only plead facts that make the claim plausible. *See supra* pp. 7-8. DiTommaso has alleged that she complained to her supervisors about racial discrimination. (Complaint ¶ 14) DiTommaso has also alleged that she was terminated from her job, as well as suffered other retaliatory acts. (*Id.* at 15-20, 23) Finally, DiTommaso has alleged that she was terminated and otherwise retaliated against because she

9

made these complaints, and points to the fact that other employees whose performance was inferior to hers were not so terminated or were treated differently.  (*Id.*)

These alleged facts, if proven true, could plausibly support the conclusion that Medco retaliated against DiTommaso because of complaining about racial discrimination.

Because DiTommaso has plead sufficient facts to establish a plausible claim of retaliation in violation of § 1981, the Court will deny Medco's Motion to Dismiss Count II of the Complaint.

## IV.

DiTomasso has plead facts sufficient to maintain a cause of action against Medco as to Counts I and II.  DiTomasso has withdrawn Count III and Count IV.  The Court will deny Medco's Motion to Dismiss DiTomasso's Complaint as to Counts I and II and will grant the Motion as to Counts III and IV.  The Court will issue an appropriate order.


Dated: December 7, 2010


                                        s/ Joseph E. Irenas
                                        **JOSEPH E. IRENAS, S.U.S.D.J.**